```
                IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )    Chapter 7
DAVID LEROY STEVENSON,          )
                                )
     Debtor.                    )    Bankruptcy No. 08-01720
------------------------------
HABBO G. FOKKENA,               )
UNITED STATES TRUSTEE,          )
                                )    Adversary No. 08-9146
     Plaintiff,                 )
                                )
vs.                             )
                                )
DAVID LEROY STEVENSON,          )
                                )
     Defendant.                 )
```

**ORDER RE U.S. TRUSTEE'S MOTION TO DISMISS AND
MOTION FOR SUBSTITUTION**

This matter came before the undersigned for telephonic hearing on October 16, 2009 on U.S. Trustee's Motion to Dismiss Complaint and Creditor Lakes Gas Company's Combined Objection to U.S. Trustee's Motion to Dismiss Complaint and Motion for Substitution Pursuant to Bankruptcy Rule 7025.  Janet Reasoner appeared as Assistant U.S. Trustee.  Attorney Robert J. O'Shea appeared on behalf of Creditor Lakes Gas Company.  Attorney Henry E. Nathanson appeared on behalf of Debtor David Leroy Stevenson. After the presentation of evidence and argument, the Court took the matter under advisement.  The time for filing briefs has now passed and this matter is ready for resolution.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

**STATEMENT OF THE CASE**

Lakes Gas Company ("Lakes Gas") objects to dismissal of the Complaint and seeks to be formally substituted for the U.S. Trustee as Plaintiff in this adversary proceeding against Debtor David Leroy Stevenson ("Debtor").  Debtor objects, asserting that Lakes Gas did not timely file either its own complaint objecting to Debtor's discharge or an objection to the dischargeability of Lakes Gas' claim against Debtor.

**FINDINGS OF FACT**

Debtor filed his Chapter 7 petition on August 14, 2008.  His schedules list Lakes Gas as a creditor.  At the time that Debtor

filed his petition and schedules, the amount of Lakes Gas' claim was undetermined.  The last day for any party to file an objection to Debtor's discharge was November 14, 2008.

The U.S. Trustee filed a complaint to deny Debtor's discharge on November 14, 2008.  The complaint raises claims under three subsections of § 727, including allegations of concealment or transfer of assets, false oath or account, and concealment of documentation from which Debtor's business transactions might be ascertained.  Lakes Gas did not file a complaint to deny Debtor's discharge.

After conducting discovery, the U.S. Trustee filed a motion to dismiss the complaint to deny discharge.  Lakes Gas objects to the U.S. Trustee's motion to dismiss and moves to be substituted as Plaintiff.

## CONCLUSIONS OF LAW

"The purpose of substitution is to allow an adjudication on the merits of the original claim to take place where the original plaintiff is unwilling to continue prosecution of the case."  In re McKissack, 320 B.R. 703, 720 (Bankr. D. Colo. 2005).  In determining whether substitution is appropriate, the Court must balance the interests of finality, and bankruptcy's goal of providing debtors a fresh start as efficiently as possible, with Congress' intent that the bankruptcy system provide relief only to honest debtors.  In re Chalisani, 92 F.3d 1300, 1310 (2d Cir. 1996); see also In re Joseph, 121 B.R. 679, 681 (Bankr. N.D.N.Y. 1990).  By limiting a substituted party to the objections to discharge set forth in the original complaint, the Court honors the debtor's due process rights and prevents the substituted party from "materially [improving] its position over the position abandoned by the original plaintiff."  McKissack, 320 B.R. at 720.

Under Bankruptcy Rule 7041, an action commenced under § 727 "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. Bankr. R. 7041.  Bankruptcy courts have concluded that in order to preserve a § 727 proceeding commenced by one creditor for the benefit of all others, "[this rule] allows other creditors to 'step into the shoes' of the original creditor."  S.E.C. v. Bilzerian, 1995 WL 934184, *4 (Bankr. M.D. Fla. 1995); see also In re Donovan, 411 B.R. 756, 766-67 (Bankr. S.D. Fla. 2009); In re DiLoreto, 277 B.R. 607, 612 (Bankr. E.D. Pa. 2000); In re Nicolosi, 86 B.R. 882, 888 (Bankr. W.D. La. 1988).

When the trustee initiates an action in a bankruptcy proceeding, it is doing so on behalf of every creditor.  See In re Lewensohn, 121 F. 538, 539 (2d Cir. 1903) ("The trustee represents every creditor."); see also In re Russo, 18 B.R. 257, 270-71 (Bankr. E.D.N.Y. 1982) (explaining that the trustee represents the interests of all creditors without being partial to any one creditor).  Ultimately, the Court may exercise its full discretion in determining whether to substitute parties. Froning's, Inc. v. Johnston Feed Service, Inc., 568 F.2d 108, 110 (8th Cir. 1978).

## ANALYSIS

The Court concludes that dismissal should be denied and Lakes Gas' Motion for Substitution should be granted.  Lakes Gas' interest in the Complaint to Deny Discharge under § 727 was originally represented by the U.S. Trustee.  Now that the U.S. Trustee has asked that the case be dismissed, Lakes Gas should be given an opportunity to step into the U.S. Trustee's shoes as Plaintiff to pursue the Complaint to Deny Discharge.  Lakes Gas may not amend this complaint or otherwise reposition itself to "materially improve its position" over that of the U.S. Trustee.  Costs, going forward, are the responsibility of Lakes Gas Company.

**WHEREFORE**, U.S. Trustee's Motion to Dismiss Complaint is DENIED.

**FURTHER,** Lakes Gas' Motion for Substitution is GRANTED.

**FURTHER,** Lakes Gas Company is substituted as Plaintiff in this adversary proceeding.

**FURTHER**, Lakes Gas Company may not amend this complaint to improve its position or introduce new theories of the case.

**FURTHER**, costs, going forward, are the responsibility of Lakes Gas Company.

Dated and Entered:  November 30, 2009

Paul J. Kilburg
Bankruptcy Judge